# IN THE COURT OF APPEALS OF IOWA

No. 24-0303
Filed January 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**TEARA ANN MONIQUE COLE,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Tabitha Turner, Judge.


        The State appeals from a dismissal of the State's prosecution based on the district court's determination that the State violated the defendant's right to a speedy indictment. **REVERSED AND REMANDED.**


        Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellant.

        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellee.



        Heard by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

The State appeals the dismissal of its prosecution against Teara Cole for theft in the third degree, granted after the district court concluded the trial information was untimely and violated Cole's right to speedy indictment. The success of the State's challenge hinges on whether the event triggering the speedy-indictment window was Cole's arrest or her initial appearance. With the benefit of recent guidance from our supreme court, we conclude the district court erred in its calculation of the speedy-indictment window using the date of Cole's arrest rather than the date of Cole's initial appearance.

I.      **Background Proceedings**

The facts below are undisputed. On October 12, 2023, Cole was arrested pursuant to a warrant and released on bond the same day. Eight days later, on October 20, Cole made an initial appearance before the magistrate. The State charged Cole by trial information on November 30, fifty days after her arrest and forty-one days after her initial appearance.

Cole moved to dismiss, arguing the State was required by Iowa Rule of Criminal Procedure 2.33(2)(a) (2023) to file a trial information or indict Cole within forty-five days after her arrest. By that standard, the deadline for the trial information would have been four days earlier than the trial information was filed. The State resisted Cole's motion, citing the same rule but claiming an amendment to the speedy-indictment rule, which became effective on July 1, 2023, instructs that the forty-five-day window does not begin until after a defendant's initial appearance. Thus, the State asserts the trial information was filed within the forty-five-day window. The district court held an unreported hearing on the motion.

Following hearing, the district court concluded the date of arrest controlled the deadline for the State's trial information filing and granted Cole's motion to dismiss. The State appeals.

## II. Standard of Review

"We review interpretations of the speedy indictment rule for errors at law." *State v. Harris*, 12 N.W.3d 333, 335 (Iowa 2024) (citation omitted).

## III. Analysis

Iowa's speedy-indictment rule is codified at Iowa Rule of Criminal Procedure 2.33(2)(a). This rule states:

> When an adult is arrested for the commission of an offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution be dismissed unless good cause to the contrary is shown. For purposes of this rule, the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed.

Iowa R. Crim. P. 2.33(2)(a).

The question of when the forty-five-day window to indict or file a trial information turns on the interpretation of this rule.[1] The second sentence of the rule is "explicit" that "the initial appearance . . . start[s] the forty-five-day period." *Harris*, 12 N.W.3d at 334, 337. The second sentence was added by a 2022 amendment, which became effective July 1, 2023. *See Harris*, 12 N.W.3d at 337–38.

---

[1] Regarding the speedy-indictment rule, a trial information is equivalent to an indictment. Iowa R. Crim. P. 2.5(5).

Before that second sentence was added, courts needing to determine when the forty-five-day window began running faced some uncertainty.[2] *Id.* at 336. Those courts had to fill in the rule's textual gaps with guidance from caselaw. *Id.* at 334. Such precedent "explain[ed] that under the pre-amendment rule, the forty-five-day period starts when the police either arrest the defendant or issue a citation in lieu of arrest, which our law treats as equivalent to an arrest." *Id.*; *see also State v. Berg*, 12 N.W.3d 583, 587 n.3 (Iowa 2024) ("As we recently clarified in *State v. Harris*, . . . under the pre-amendment rule . . . the clock started on the date of [the defendant's] arrest, not the date of her initial appearance."). And recently the Iowa Supreme Court advised that the amended rule went beyond "clarify[ing] Iowa's speedy-indictment law," it "changed the law by selecting a different event—the initial appearance—to start the forty-five-day period." *Harris*, 12 N.W.3d at 337.

The State challenges the district court's conclusion that the date of arrest controlled the start date for the forty-five-day indictment window. Both parties present arguments under the post-amendment rule. Indeed, Cole's motion to dismiss relied on the post-amendment rule, and she does not argue the pre-amendment rule applied.[3] So the question before this court is whether the district

---

[2] Before the amendment, the same relevant text of rule 2.33(2)(a) read:
> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

[3] In its ruling on Cole's motion to dismiss, dated January 24, 2024, the district court quoted the language of pre-amendment rule 2.33(2)(a). Nowhere in the ruling does the court mention the second sentence added by the amendment. The district court's ruling also does not contain any parenthetical indicating the year in which the rule it applied took effect.

court should have denied Cole's motion to dismiss, as measuring the speedy-indictment window from Cole's initial appearance, the trial information was filed on the forty-first day and within the forty-five-day period.

Recognizing the district court lacked the guidance in *Harris* that we now consider, we read the text of the amended rule with our supreme court's commentary in *Harris* to settle this issue. Rule 2.33 now says "the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed." Iowa R. Crim. P. 2.33(2)(a). In *Harris*, the Iowa Supreme Court discussed the importance of the amendment to rule 2.33. 12 N.W.3d at 337; *see* Iowa Sup. Ct. Supervisory Order, *In the Matter of Adopting Revised Chapter 2 Iowa Rules of Criminal Procedure* (Oct. 14, 2022). "[T]he amended version of rule 2.33 operates differently than the pre-amendment rule." *Harris*, 12 N.W.3d at 337. The amendment changed the event from which courts measure the forty-five-day speedy-indictment window. *Id.*

So when the amended rule applies, our prior decisions that have historically guided courts faced with such a task are now superseded by the amended rule. *Cf. id.* (declining to reopen the rule-interpretation issues decided in *State v. Williams*, 895 N.W.2d 856 (Iowa 2017), and reaffirmed in *State v. Watson*, 970 N.W.2d 302 (Iowa 2022), "as the pre-amendment rule fades into legal history"). Under the amended speedy-indictment rule, the forty-five-day period is measured using the defendant's initial appearance date, not the defendant's arrest date. Iowa R. Crim. P. 2.33(2)(a); *Harris*, 12 N.W.3d at 337.

Cole argues the amended rule does not alter the event by which the forty-five-day indictment period is determined. She reads the first sentence of rule 2.33 as controlling and reaffirming the rule's interpretation under *Williams*—that the date of arrest governs.

We disagree. Although the rule does still begin, "[w]hen an adult is arrested . . . and an indictment is not found against the defendant within 45 days," Iowa R. Crim. P. 2.33(2)(a), the second sentence of the rule is explicit, *Harris*, 12 N.W.3d at 334. The second sentence states, "[f]or purposes of this rule, the 45-day period commences . . . only after the defendant has been taken before a magistrate for an initial appearance." Iowa R. Crim. P. 2.33(2)(a). Interpreting the rule requires reading both sentences together. *See Sand v. An Unnamed Loc. Gov't Risk Pool*, 988 N.W.2d 705, 708 (Iowa 2023); *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (noting the rules of statutory interpretation apply equally to the interpretation of court rules). The plain meaning of this second sentence is to establish that the date by which the first sentence's forty-five-day period is measured is the date of the defendant's initial appearance. *See Harris*, 12 N.W.3d at 337. It does not construct a scheme involving a retroactively-material speedy-indictment window such as Cole asserts. Because the plain meaning of the rule's text is clear, we will neither "search for a meaning beyond the express terms" nor "resort to rules of construction." *Sand*, 988 N.W.2d at 708 (citation omitted).

Here, the proper date from which to measure the speedy-indictment rule's forty-five-day window was October 20, the date of Cole's initial appearance. Forty-five days later, the deadline for the State to indict or file a trial information would have been December 4. The State filed a trial information against Cole on

November 30. Accordingly, the trial information was timely; the State did not violate Cole's right to speedy indictment.

**IV. Conclusion**

Because the State did not violate Cole's right to speedy indictment, the motion to dismiss on that ground should have been denied. We therefore reverse the district court's dismissal and remand for further proceedings.

**REVERSED AND REMANDED.**